WILLSON *against* GOMPARTS AND OTHERS.

THIS was an action of *assumpsit* on a promissory note, made by *Gomparts, Nathan,* and *Jacobs,* partners in trade, &c.

*Gomparts* pleaded, separately, his discharge under the " act for the benefit of insolvent debtors and their creditors," passed the 3d *April,* 1811. The plea, after stating the proceedings under the act, to entitle the defendant to his discharge, set it forth *verbatim,* dated 6th *August,* 1811, by which the defendant, *Gomparts,* was discharged " from all debts due from him at the time of his said assignment, or contracted for before that time, though payable afterwards," &c.

*Nathan,* also, in like manner, pleaded his discharge under the same act.

*Jacobs,* the other defendant, pleaded *non assumpsit* and payment, with notice of set-off.

The plaintiff *replied* to the plea of *Gomparts* that the plaintiff ought not to be barred, &c. because he the said *Gomparts,* together with the said *Nathan* and *Jacobs,* did assume, &c.

The same *replication* was also made to the plea of *Nathan.*

To each of these replications there was a *general demurrer* and joinder.

*S. Jones,* jun. in support of the demurrer, contended, that the defendant was discharged from his *joint,* as well as separate, debts. He cited 3 *P. Wms.* 25. *Hosey's Case,* note (A).

*Colden,* contra, said, that our insolvent act was, in terms, the same as the *English* bankrupt law. In *White* v. *Combes and others,* in which the pleadings are stated in 1 *Lil. Ent.* 106. (S. C. 1 *Rich. K. B. Prac.* 219—227.) one of three defendants pleaded his separate discharge under the bankrupt law, and the plaintiff, admitting his bankruptcy, replied the *joint* contract, and there was judgment for the plaintiff, which, in a note, is said to have been affirmed, on a writ of error, in the exchequer chamber.

**Where one of two partners obtains his discharge under the insolvent act, from all his debts, this is a discharge from his *joint* as well as separate debts.**

Again, a plea that the promise was made jointly with others, and not by the defendant separately, is a plea in abatement, not in bar. (*Robinson and Hartshorn* v. *Fisher*, 3 *Caines' Rep.* 99.)

*Wells*, in reply, observed, that in the case cited from *Lil. Ent.* it appeared that a day was given to the defendant to rejoin, and there was judgment by default against him for want of a rejoinder, and a *venire tam quam* awarded. That case could not apply here, where the defendant demurs to the replication.

The discharge of the insolvent defendant is from *all his debts.* Now the debts he owes jointly with others are equally his debts, as those he owes separately.

*Per Curiam.* This is a clear case. The insolvent is discharged from his joint as well as separate debts, for, as each partner is severally as well as jointly responsible for the partnership debts, they are equally his debts as those contracted by him individually. The defendants are entitled to judgment on demurrer.

Judgment for the defendants.